IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| Carley Cathleen Taylor, ) | Case No.: 11-04694-BGC-7 |
| ) | |
| Debtor. ) | |
| | |
| David and Mona Lee, ) | |
| co-administrators of the Estate ) | |
| of Alexander Lee, deceased ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | A. P. No.: 11-00404 |
| ) | |
| Carley Cathleen Taylor, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

The matter before the Court is the plaintiffs' Second Motion for Summary Judgment filed December 5, 2011, by David and Mona Lee, co-administrators of the Estate of Alexander Lee, deceased. A.P. Docket No. 11[1]

After notice, a hearing was held on January 24, 2012. Mr. Frederick Mott Garfield, one of the defendant's attorneys, and Mr. Kearney Dee Hutsler, the plaintiffs' attorney, appeared.[2]

The motion was submitted on the record in this proceeding, the record in Bankruptcy Case No. 11-04694-BGC-7, exhibits offered in support of and in opposition to the motion, and the arguments and briefs of counsel. As discussed below, the Court finds that the motion is due to be denied.

### I. Findings of Fact

On October 16, 2008, a Jefferson County, Alabama jury found the defendant guilty of felony murder pursuant to Code of Ala.1975, §13A-6-2. The deceased was

---

[1] The plaintiff's first motion for summary judgment was granted by agreement. See Order entered February 6, 2012, A.P. Docket No. 26.

[2] The Court allowed Mr. Garfield to withdraw as attorney for the debtor on April 19, 2012. Mr. J. Edmund Odum, Jr. continues to represent the debtor.

Alexander Lee, the plaintiffs' intestate. After that conviction, the plaintiffs sued the defendant for wrongful death in state circuit court. Before that case could be tried, the defendant filed a Chapter 7 bankruptcy case in this Court in which she listed the plaintiffs as a creditor. The plaintiffs filed the present adversary proceeding seeking a determination that the debt owed to them by the defendant is not dischargeable pursuant to section 523(a)(6) of the Bankruptcy Code. 11 U.S.C. § 523(a)(6). That section provides that a Chapter 7 discharge does not discharge any debt owed by an individual debtor for, "willful and malicious injury by the debtor to another entity or to the property of another entity...." Id.

## II. The Plaintiffs Contention

The plaintiffs contend they are entitled to summary judgment because the defendant's state court criminal conviction precludes her, by collateral estoppel, from litigating the dischargeability issue in this Court of whether she willfully and maliciously injured the plaintiffs' intestate.

## III. Conclusions of Law

### A. Summary Judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure, applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, a moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The framework in this Circuit for determining whether there is a genuine issue of material fact which would preclude summary judgment is outlined in the decision of the Court of Appeals for the Eleventh Circuit Court in Fitzpatrick v. City of Atlanta, 2 F.3d 1112 (11th Cir.1993). This Court has followed that framework in this proceeding.

### B. Collateral Estoppel

#### 1. General Rules

Once a court has decided an issue of fact or law, collateral estoppel, "precludes relitigation of the same issue on a different cause of action between the same parties...." Kremer v. Chemical Const. Corp., 456 U.S. 461, 466 n.6 (1982). Where that decision is one from a state court, such as here, federal courts are required, "to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." Kremer v. Chemical Const.

2

Corp., 456 U.S. at 466.³ Given that rule, it is no surprise then that federal law also requires, "a federal court to look... to the law of the state in which... [the] judgment was entered," in determining what preclusive effect to give a particular state court judgment. Weir v. United States, 716 F. Supp. 574, 579 (N.D. Ala. 1989) (emphasis added) (citing Kremer).⁴

---

³ Section 1738 of Title 28 includes, "The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions...." 28 U.S.C. § 1738.

⁴ This Court wrote in In re Farris, A.P. No. 06-00121, 2007 WL 4533503 (Bkrtcy. N.D. Ala. December 19, 2007):

> Collateral Estoppel
>
> a. Federal Standard
>
> Collateral estoppel prevents the relitigation of issues already litigated and determined by a valid and final judgment in another court. HSSM # 7 Limited Partnership v. Bilzerian ( In re Bilzerian ), 100 F.3d 886, 892 (11th Cir.1996), cert. denied, 523 U.S. 1093 (1998). It is well-established that the doctrine of collateral estoppel applies in a proceeding to determine the dischargeability of a debt in bankruptcy. Id. The decision rendered by the Supreme Court in Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373 (1985) requires bankruptcy courts, in dischargeability proceedings, to utilize a state's principles of collateral estoppel to determine the issue preclusive effect of a judgment rendered by a court of that state. "If the prior judgment was rendered by a state court, then the collateral estoppel law of that state must be applied to determine the judgment's preclusive effect." St. Laurent v. Ambrose (In re St. Laurent), 991 F.2d 672, 676 (11th Cir.1993).
>
> b. State Standard
>
> Under Alabama law, a prior judgment may be accorded collateral estoppel effect if: (1) the issue involved in the prior proceeding was identical to the issue involved in the present proceeding; (2) the issue was "actually litigated" in the prior proceeding; (3) the resolution of the issue was necessary to the prior judgment; and (4) the parties in the present proceeding are the same as those involved in the prior proceeding. Lott v. Toomey, 477 So.2d 316, 319 (Ala.1985). A judgment by consent satisfies the "actually litigated" requirement and is, with respect to issues actually decided by that judgment, as conclusive between the parties as a judgment entered after the conclusion of a trial. Sanders v. First Bank of Grove Hill, 564 So.2d 869, 872 (Ala.1990); Leverette ex rel. Gilmore v. Leverette, 479 So.2d 1229, 1237 (Ala.1985); A.B.C. Truck Lines v. Kenemer, 247 Ala. 543, 548, 25 So.2d 511, 515–516 (1946).

Id. at *2.

Case 11-00404-TOM    Doc 39    Filed 09/13/12    Entered 09/13/12 11:09:21    Desc Main
Document    Page 3 of 10

Consequently, this Court must look to Alabama law to determine whether the defendant's criminal conviction should be given preclusive effect in the dischargeability matters pending here.

### 2. Alabama's Law of Collateral Estoppel for a Criminal Conviction

The law in Alabama on the preclusive effect of a criminal conviction in a civil proceeding is clear. Writing for the Supreme Court of Alabama, Justice Arthur B. Foster stated:

> At the outset we eliminate some questions not involved and as to which there seems to be no conflict of authority. The conviction of the criminal charge is held in this state not to be conclusive of the fact of which... [the defendant] was convicted when such fact is an issue in a civil case, in which the state or government securing the conviction is not a party.

Fidelity-Phenix Fire Ins. Co. of New York v. Murphy, 226 Ala. 226, 146 So. 387, 392 (1933) (parenthetical added).[5]

Consequently, this Court must find that this defendant's criminal conviction does not preclude her from litigating the dischargeability issue in this Court of whether she willfully and maliciously injured the plaintiffs' intestate. Therefore, summary judgment is not appropriate on this point.

### 3. Even if Collateral Estoppel Could be Applied, Summary Judgment Would Not be Appropriate

This Court's holding would be the same even if it gave preclusive effect to the defendant's conviction.[6] In the context of the instant proceeding, it is the complex relationship of Alabama's felony murder law to bankruptcy's willful and malicious

---

[5] The court in Weir v. United States, 716 F. Supp. 574, 579 (N.D. Ala. 1989) points out that the Alabama Supreme Court has consistently held this opinion, and that it is one binding on federal courts.

[6] The Court could apply collateral estoppel if the conviction had been a federal one. As a general rule, federal law applies collateral estoppel in civil litigation preceded by a criminal conviction. Under federal law, "the judgment in a [federal] criminal proceedings [sic] can have collateral estoppel effect in a subsequent civil proceeding." Deweese v. Town of Palm Beach, 688 F.2d 731, 733 (11th Cir. 1982) (parenthetical added) (citing United States v. One 1976 Mercedes 450 SLC, 667 F.2d 1171, 1174 n. 2 (5th Cir. 1982); Wolfson v. Baker, 623 F.2d 1074, 1077 (5th Cir. 1980). See also the Eleventh Circuit Court of Appeals' decisions in Sunco Sales, Inc. v. Latch (In re Latch), 820 F.2d 1163 (11th Cir. 1987) and Raiford v. Abney (In re Raiford), 695 F.2d 521 (11th Cir. 1983).

4

nondischargeability in section 523(a)(6) which creates this result. On the bankruptcy side, "nondischargeability [under section 523(a)(6)] takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998) (emphasis in original) (parenthetical added).

In contrast, on the state side, Alabama's "felony murder" statute penalizes actions which result in unintended injuries. It provides:

> (a) A person commits the crime of murder if he or she does any of the following:
>
> ...
>
> (3) He or she commits or attempts to commit arson in the first degree, burglary in the first or second degree, escape in the first degree, kidnapping in the first degree, rape in the first degree, robbery in any degree, sodomy in the first degree, any other felony clearly dangerous to human life and, in the course of and in furtherance of the crime that he or she is committing or attempting to commit, or in immediate flight therefrom, he or she, or another participant if there be any, causes the death of any person.

Code of Ala.1975, § 13A-6-2 (emphasis added).

The offense proscribed in section 13A-6-2(a)(3) has been historically referred to as "felony murder," and pertinent descriptions of its intent have been consistent. Some of those are: "Felony murder... does not require the specific intent to kill; it requires only the intent to commit the underlying felony." Heard v. State, 999 So.2d 992, 1005 (Ala. 2007). With felony murder, "There is an intended felony and an unintended homicide." Knotts v. State, 686 So.2d 431, 457 (Ala. Crim. App. 1995). "The crime of felony murder is reserved for those situations where an unintended death occurs as a result of a defendant's dangerous conduct." Calhoun v. State, 932 So.2d 923, 969-970 (Ala. Crim. App. 2005).

Consequently, even if the defendant's felony murder conviction could be accorded collateral estoppel effect here, it could not establish, in a subsequent civil proceeding, that the defendant intended to injure or kill the plaintiff's intestate as is required for a determination of nondischargeability pursuant to section 523(a)(6). The issue of whether a defendant willfully and maliciously injured someone is simply not the same as the issue of whether an unintended homicide occurred during the course of a defendant's commission of a felony. Similarly, a determination that a "willful and malicious injury" was inflicted is not necessary to a felony murder conviction.

A look at the defendant's jury verdict form in the context of the statute under which the defendant was tried, confirms these conclusions. The jury verdict form reads:

5

> WE, THE JURY, FIND THE DEFENDANT, CARLEY TAYLOR, GUILTY
> OF THE LESSER INCLUDED OFFENSE OF FELONY MURDER.
> (DEFENDANT, CARLEY TAYLOR, COMMITS OR ATTEMPTS TO COMMIT ROBBERY
> IN ANY DEGREE, AND IN THE COURSE OF AND FURTHERANCE OF THE CRIME
> THAT SHE IS COMMITTING OR ATTEMPTING TO COMMIT, OR IN IMMEDIATE
> FLIGHT THEREFROM, SHE OR ANOTHER PARTICIPANT, CAUSES THE DEATH OF
> ANY PERSON).

Second Motion for Summary Judgment at 21, "Exhibit B", A.P. Docket No. 12.

The Alabama robbery statutes referred to above provide:

> A person commits the crime of robbery in the <u>third degree</u> if in the course of committing a theft he: (1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or (2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.

Code of Ala. 1975, § 13A-8-43(a) (emphasis added).

> A person commits the crime of robbery in the <u>second degree</u> if he violates Section 13A-8-43 and he is aided by another person actually present.

Code of Ala. 1975, §13A-8-42(a) (emphasis added).

> A person commits the crime of robbery in the <u>first degree</u> if he violates Section 13A-8-43 and he: (1) Is armed with a deadly weapon or dangerous instrument; or (2) Causes serious physical injury to another.

Code of Ala. 1975, § 13A-8-41(a) (emphasis added).

As the plain language of these subsections indicate, Alabama's robbery statutes do not require an injury of any sort, much less a willful and malicious one. Similarly, they do not require the intent to injure anyone, whether willfully and maliciously or not, for conviction. A threat of imminent force will suffice under section 13A-8-43(a); a threat of imminent force plus the participation of an accomplice will suffice under section 13A-8-42(a); and a threat of imminent force plus the defendant's being armed with a deadly or dangerous instrument will suffice under 13A-8-41(a). Hence, while the jury necessarily had to have concluded, as a prerequisite to finding the defendant guilty of felony murder, that the defendant was committing or attempting to commit a robbery when the plaintiffs' intestate was killed, it did not have to find that she injured the plaintiffs' intestate in order for it to reach that verdict. And its verdict does not reflect that it found or concluded that the defendant did injure the plaintiff's intestate.

6

Consequently, even assuming <u>arguendo</u> the verdict could be accorded collateral estoppel effect in this proceeding, the conclusion by the jury that the defendant was committing or attempting to commit a robbery when the plaintiffs' intestate was killed would not establish that the defendant injured the plaintiffs' intestate. Therefore, summary judgment is not appropriate on this point.

### C. The Plaintiffs' Additional Documentation Does Not Support Summary Judgment

In addition to the state court criminal conviction, the plaintiffs offered a photocopy of what purports to be a transcript of the testimony given at the defendant's criminal trial by "Kristi Mulvehill." <u>Exhibit in Support of Second Motion for Summary Judgment</u> at 4-20, "Supp. Exhibit A", A.P. Docket No. 18. There are reasons this Court has not considered that as "evidence" in this proceeding.

First, statements made by Ms. Mulvehill at another place and time constitute hearsay under Rule 801(c) of the Federal Rules of Evidence. Fed. R. Evid. 801(c). As such, those statements are not admissible as evidence unless specifically made admissible by some other federal statute or rule prescribed by the Supreme Court. Fed. R. Evid. 802.

Second, evidence of testimony given by a person at a prior trial is admissible only if the person is unavailable as a witness in the present proceeding. Fed. R. Evid. 804(b)(1). The plaintiffs have not suggested that Ms. Mulvehill is not available to provide testimony in this proceeding. Consequently, their proffer of the purported transcript from the criminal trial to prove her testimony is not admissible and, therefore, cannot be considered in support of their summary judgment motion. The Eleventh Circuit Court of Appeals has specifically recognized, "inadmissible hearsay 'cannot be considered on a motion for summary judgment.'" <u>Macuba v. Deboer</u>, 193 F.3d 1316, 1322 (11th Cir. 1999)(quoting <u>Garside v. Osco Drug, Inc.</u>, 895 F.2d 46, 50 (1st Cir.1990).

Third, assuming <u>arguendo</u> Ms. Mulvehill was unavailable to provide testimony in the present case, the plaintiffs' proffer of an unsworn, uncertified photocopy of a portion of a purported transcript from the prior trial would still not be admissible. Prior testimony is provable in two ways. One, someone who was present at the previous trial and heard the prior testimony can describe what she or he heard the witness say. For example:

> The general rule is that the testimony of a witness in a former civil trial or proceeding may be proved by the testimony of any person who was present and heard him testify, such as a spectator, a witness, a stenographer, an attorney, a juror, a judge or a justice of the peace, and who remembers the testimony with or without the use of memoranda to refresh his memory.

7

P.H. Vartanian, Annotation, <u>Mode of proof of testimony given at former examination, hearing, or trial</u>, 11 A.L.R.2d 30, § 29 (1950). See also <u>Ruch v. City of Rock Island</u>, 97 U.S. 693, 694, 1878 WL 18355, *2 (1878); <u>Central of Georgia Ry. Co. v. Carleton</u>, 51 So. 27, 29-30 (Ala. 1909); 2 McCormick On Evid. § 307 (6th ed., 2009); Charles W. Gamble, McElroy's Alabama Evidence § 245.07(11)(a)(5th ed. 1996).

Two, the testimony can be proved by a transcript certified by the stenographer who reported the testimony in the prior trial. For example, "If stenographically reported testimony at a hearing or trial is admissible in evidence at a later trial, the testimony may be proved by a transcript certified by the person who reported it." Fed. R. Civ. P. 80. The plaintiffs offered neither of those permissible forms of proof of Ms. Mulvehill's prior testimony.

Fourth, when the jury found the defendant guilty of felony murder, which requires and contemplates an unintended homicide, it must have rejected the purported testimony of Ms. Mulvehill to the extent that her testimony suggested that the defendant intentionally killed someone. Since the verdict is evidence in this case, it would act to offset the purported testimony of Ms. Mulvehill. Consequently, even if that purported testimony could be considered in support of the plaintiffs' motion for summary judgment, it would not support it.

### D. Is There an Exception to Alabama's Collateral Estoppel Law?

As a part of her sentence in the criminal case, the defendant was ordered to pay $42,500.00 in restitution to the plaintiffs.[7] One of the statutes governing awards of restitution in Alabama criminal cases provides, "If conviction in a criminal trial necessarily decides the issue of a defendant's liability for pecuniary damages for a victim, that issue is conclusively determined as to the defendant, if it is involved in a subsequent civil action." Code of Ala. 1975, § 15-18-75. Does that statute create an exception to Alabama's rule of nonpreclusion established by the Alabama Supreme Court in <u>Fidelity-Phenix Fire Ins. Co. of New York v. Murphy</u>, 226 Ala. 226, 146 So. 387 (1933)? The answer is, no.

First, the statue is limited in scope to "the issue of a defendant's liability for <u>pecuniary damages</u> for a victim." <u>Id</u>. (emphasis added). The issue of the liability <u>vel non</u> of the defendant herein to these plaintiffs for pecuniary damages is not, however, involved in this action.[8] A look at Alabama's wrongful death statute, Code of Ala. 1975, §6-5-410, explains. Under that statute, a victim's personal representatives are not

---

[7] As noted above, the parties agreed, and this Court confirmed by order, that this restitution was not dischargeable.

[8] And the statute does not extend the preclusive effect of a criminal conviction to any other issue.

entitled to recover "pecuniary damages" from the person who caused the victim's death. Punitive damages only are recoverable.[9] Therefore, because this defendant cannot be held civilly liable to the plaintiffs for pecuniary damages, her conviction cannot operate, under the terms of section 15-18-75, conclusively to determine any of the issues in this case.

Second, as indicated before, a felony murder conviction presupposes an unintended homicide. "The crime of felony murder is reserved for those situations where an unintended death occurs as a result of a defendant's dangerous conduct." Calhoun v. State, 932 So.2d 923, 969-970 (Ala. Crim. App. 2005). Therefore, even assuming arguendo the defendant could be held liable for pecuniary damages in a civil proceeding, her conviction, even if accorded preclusive effect in this case on the issue of liability for pecuniary damages, would not establish that she willfully and maliciously injured the plaintiffs' intestate.

Third, the issue in the present civil proceeding is not whether the defendant is liable for pecuniary damages to the plaintiffs. Instead, the issues are: (1) whether the defendant willfully and maliciously injured the plaintiffs' intestate; and (2) whether the defendant is liable for punitive damages pursuant to the wrongful death statute. Consequently, the sentence in Code of Ala. 1975, §15-18-75 which gives limited preclusive effect to criminal convictions accompanied by restitution awards, is not applicable to the present proceeding.

### E. Evidence of the Conviction

Of course, the defendant's felony murder conviction is admissible against her in this action to show that she did the act for which she was convicted. Durham v. Farabee, 481 So.2d 885 (Ala. 1985). As such, that conviction establishes that the defendant committed or attempted to commit robbery in some degree, and in the course of and furtherance of that crime, or in immediate flight therefrom, she or another participant in that crime, caused the death of a person. In contrast, it does not establish that the defendant either personally injured the plaintiffs' intestate or that she intentionally injured the plaintiffs' intestate.

---

[9] See King v. National Spa and Pool Institute, Inc., 607 So.2d 1241, 1246 (Ala. 1992) ("As with its predecessor, the Homicide Act, the Wrongful Death Act provides only for punitive damages, and compensation is not a factor in a wrongful death claim."); Huckaby v. East Alabama Medical Center, 830 F.Supp. 1399, 1403 (M.D. Ala. 1993) (In Alabama, for wrongful death, only punitive damages are allowed.); Trott v. Brinks, Inc., 972 So.2d 81, 84 (Ala. 2007) ("In such a case, the only recoverable damages are punitive damages intended to punish the tortfeasor for its actions-not to compensate the plaintiff.").

## IV. Conclusion

Based on the above, the Court concludes that there are substantial, unresolved, genuine issues of material fact in this case, and therefore, the plaintiffs are not entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c).

An order will be entered contemporaneously with the Memorandum Opinion.

Dated: September 13, 2012 /s/Benjamin Cohen
BENJAMIN COHEN
United States Bankruptcy Judge

BC:csm